# General Docket

## United States Court of Appeals for the Fourth Circuit

**Court of Appeals Docket #:** 17−174 **Docketed:** 03/21/2017
In re: Michael S. Gorbey
**Appeal From:** Not Applicable
**Fee Status:** na

**Case Type Information:**
**1)** Successive Habeas Corpus
**2)** successive habeas corpus
**3)** null

**Originating Court Information:**
**District:** keep−B :
**Date Rec'd COA:**
03/21/2017

**Prior Cases:**
None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 16−2253 | 16−7649 | 11/29/2016 | |
| | 16−2253 | 17−1029 | 01/09/2017 | |
| | 16−2253 | 17−6034 | 01/11/2017 | |
| | 16−2253 | 17−6035 | 01/11/2017 | |
| | 16−2253 | 17−6079 | 01/23/2017 | |
| | 16−2253 | 17−6244 | 02/27/2017 | |
| | 16−7458 | 16−2253 | 10/31/2016 | |
| | 16−7458 | 16−7463 | 10/24/2016 | |
| | 16−7458 | 16−7649 | 11/29/2016 | |
| | 16−7458 | 17−174 | 03/21/2017 | |
| | 16−7649 | 17−1029 | 01/09/2017 | |
| | 17−1029 | 17−6031 | 01/10/2017 | |
| | 17−1029 | 17−6035 | 01/11/2017 | |

| | |
|---|---|
| In re: MICHAEL S. GORBEY, a/k/a Michael S. Owlfeather−Gorbey (Federal Prisoner: 33405−013)<br>Movant | Michael S. Gorbey<br>[NTC Pro Se]<br>UNITED STATES PENITENTIARY LEE<br>P. O. Box 305<br>Jonesville, VA 24263−0305 |
| −−−−−−−−−−−−−−−−−−−−−−−−−−−−−− | |
| | Mark Rankin Herring, Attorney General<br>Direct: 804−786−7704<br>Email: oagcriminallitigation@oag.state.va.us<br>[NTC Government]<br>OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA<br>202 North 9th Street<br>Richmond, VA 23219−0000 |

In re: MICHAEL S. GORBEY, a/k/a Michael S. Owlfeather−Gorbey

Movant

| | | |
|---|---|---|
| 03/21/2017 | 1 | 2244 case docketed. Originating case number:. Case manager: AshleyWebb. [17−174] (ABW) |
| 03/21/2017 | 2 | Motion for authorization to file successive application for post−conviction relief (Local Rule 22(d)) filed by Michael S. Gorbey. If Johnson, is PSR available on district court docket? NA. If Johnson, has sentencing transcript been prepared? NA. [17−174] (ABW) |
| 03/21/2017 | 3 | DOCKETING NOTICE issued Re: [2] Motion for authorization to file successive habeas application (Local Rule 22(d)) Originating case number:. Mailed to: Michael S. Gorbey UNITED STATES PENITENTIARY LEE P. O. Box 305 Jonesville, VA 24263−0305. [17−174] (ABW) |
| 04/05/2017 | 4 | COURT ORDER filed [1000056541] terminating Motion for authorization to file successive habeas application (Local Rule 22(d)) [2], transferring case. Copies to all parties. Mailed to: Michael S. Gorbey UNITED STATES PENITENTIARY LEE P. O. Box 305 Jonesville, VA 24263−0305; U.S. Court of Appeals for the District of Columbia Circuit. [17−174] (ABW) |
| 04/05/2017 | 5 | Materials transferred to U.S. Court of Appeals for the DC Circuit. List of items transferred: See PACER. [1000056545] [17−174] (ABW) |

MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. §§ 2254 OR 2255

# United States Court of Appeals for the Fourth Circuit

| Name of Movant | Prisoner Number | Case Number (leave blank) |
|---|---|---|
| Michael S. owl Feather-Gorbey | 33405-013 | RECEIVED 2017 MAR 21 AM 10:30 U.S. COURT OF APPEALS FOURTH CIRCUIT |
| Place of Confinement: USP Lee Jonesville Virginia | | |

IN RE: Michael S. owl Feather-Gorbey, MOVANT

1. Name and location of court which entered the judgment of conviction from which relief is sought: Superior Court District of Columbia

2. Parties' Names: Michael S. owl Feather-Gorbey vs. United States

3. Docket Number: 2008-CF2-1552 4. Date Filed: Jan. 18. 2008

5. Date of judgment of conviction: 2008 & 2014 6. Length of sentence: 264 months

7. Nature of offense(s) involved (all counts): D.C. Code (s)§§ 22-3154(b) Attempt Possess-manufacture weapon of mass destruction (WMD), D.C. code 22-4515 Possess Explosive device D.C. Code 22-4504 Possess deadly or dangerous weapon, D.C. code 7-2506.01 Possess unregistered Ammo. & possess unregistered Firearm.

8. What was your plea? (Check one) ☑ Not Guilty ☐ Guilty ☐ Nolo Contendere

9. If you pleaded not guilty, what kind of trial did you have? (Check one) ☑ Jury ☐ Judge only

10. Did you testify at your trial? (Check one) ☑ Yes ☐ No

11. Did you appeal from the judgment of conviction? (Check one) ☑ Yes ☐ No

12. If you did appeal, what was the

Name of court appealed to: District of Columbia Court of Appeals

Parties' names on appeal: owl Feather-Gorbey vs. United States

Docket number of appeal: 08-CF-1080 & 10-CO-1075 Date of decision: 2012

Result of appeal: Remand For Frendak & to vacate merging charges

13. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications for relief, or other motions regarding this judgment in any federal court? ☑ Yes ☐ No

14. If you answered "Yes" to question 13, answer the following questions:

A. FIRST PETITION, APPLICATION, OR MOTION

(1) In what court did you file the petition, application, or motion? U.S. Dist. Ct. Washington. D.C.

(2) What were the parties' names? Owl Feather-Gorbey vs. Warden

(3) What was the docket number of the case? 1:13-CV-02019-JEB

(4) What relief did you seek? Remand For New Direct Appeal, New Trial, Release Resentencing

(5) What grounds for relief did you state in your petition, application, or motion?

Ineffective Direct Appeal Counsel Preston Burton

(6) Did the court hold an evidentiary hearing on your petition, application or motion? ☐ Yes ☑ No

(7) What was the result? ☐ Relief granted ☑ Relief denied on the merits ☐ Relief denied for failure to exhaust ☐ Relief denied for procedural default

(8) Date of court's decision: 2014

B. SECOND PETITION, APPLICATION, OR MOTION

(1) In what court did you file the petition, application, or motion? U.S. Dist. Ct. Birmingham-Alabama

(2) What were the parties' names? Owl Feather-Gorbey vs. Warden

(3) What was the docket number of the case? 1:15-CV-~~01359~~ 01359-AdP-JHE (01359)

(4) What relief did you seek? New Trial, immediate Release, vacation of Explosive charges, corrected P.S.R. + D.C. 6.7 concurrent sentencing.

(5) What grounds for relief did you state in your petition, application, or motion?

New Evidence Prove All Prior Counsels were ineffective and that I was Actually innocent of any Alleged Explosive charges, or the P.S.R. + Error Denied 6:2 concurrent sentencing.

(6) Did the court hold an evidentiary hearing on your petition, application or motion? ☐ Yes ☑ No

(7) What was the result? ☐ Relief granted ☐ Relief denied on the merits ☐ Relief denied for failure to exhaust ☑ Relief denied for procedural default

(8) Date of court's decision: 2015

C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS

For any third or subsequent petition, application, or motion, attach a separate page providing the information required in items (1) through (8) above for first and second petitions, applications, or motions.

3rd motion Rule 60(b) Reconsideration to 1:13-cv-02019-JEB ... Denied ... & ... Appeal

4th motion Rule 59(e) Recusal 1:13-cv-02019-JEB ~~Denied~~ + Appeal

D. PRIOR APPELLATE REVIEW(S)

Did you appeal the results of your petitions, applications, or motions to a federal court of appeals having jurisdiction over your case? If so, list the docket numbers and dates of final disposition for all subsequent petitions, applications, or motions filed in a federal court of appeals.

| | | | |
|---|---|---|---|
| First petition, application, or motion | ☑ Yes | Appeal No. ____ | ☐ No |
| Second petition, application, or motion | ☑ Yes | Appeal No. 16-10764-H | ☐ No |
| Subsequent petitions, applications or motions | ☑ Yes | Appeal No. 16-5364 | ☐ No |
| Subsequent petitions, applications or motions | ☑ Yes | Appeal No. 16-5364 | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. ____ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. ____ | ☐ No |

If you did not appeal from the denial of relief on **any** of your prior petitions, applications, or motions, state which denials you did not appeal and explain why you did not.

15. Did you present ~~any of~~ the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255? (Check one) ☑ Yes ☐ No

16. If your answer to question 15 is "Yes," give the docket number(s) and court(s) in which such claims were raised and state the basis on which relief was denied.

① 1:13-cv-02019-JEB Alleged Failure to make substantial showing of Denial of Constitutional Right.

② 1:15-cv-01359 Procedural bar by 23-110

17. If your answer to question 15 is "No," why not? This Court will grant you authority to file in the district court only if you show that you could not have presented your present claims in your previous § 2254 or § 2255 application because . . .

A. (For § 2255 motions only) the claims involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [you] guilty"; or,

B. (For § 2254 petitions only) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [you] guilty of the offense"; or,

C. (For both § 2254 and § 2255 applicants) the claims involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable."

I did not present the following claims in any previous petition, application, or motion for relief under 28 U.S.C. § 2254:

I did not present the claims listed above in any previous petition, application, or motion because

the issues were not Ripe For Review until I Exhausted my local Remedies on Jan 31. 2017.
this is a challenge to D.C.C.A Remand & Post Conviction Appeal Proceedings. Finalized 1-31-2017

Movant prays that the United States Court of Appeals for the Fourth Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.

(chief) michael s. owl Feather - Gorbey
Movant's Signature

to the best of my Knowledge
I declare under Penalty of Perjury that my answers to all questions in this Motion are true and correct. Executed

on 3-9-2017
[date]

(chief) michael s. owl Feather - Gorbey
Movant's Signature

**Proof of Service**

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on 3-11-2017 I mailed a copy of this motion and all attachments
[date]

(1) to United States Attorney office And see Below at the following address:

P.O. Box 1709 Roanoke VA. 24008-1709

(2) Attorney General For the District of Columbia
441 4th St. N.W.
Washington. D.C. 20001

(chief) michael s. owl Feather - Gorbey
Movant's Signature

NO STAPLES, TAPE, OR BINDING PLEASE

(Chief) Michael S. Owl Feather-Gorbey
Rock-Tree Cheromanche-Monacan
33405-013
U.S. Penitentiary Lee
P.O. Box 305
Jonesville, VA.
24263




(Special mail)
(Legal mail)

(Open only in Presence of
Owl Feather-Gorbey or
the U.S. Court of Appeals
4th Cir.)

Clerk of Court
United States Court of Appeals
(4th Cir.)
1100 East Main Street Suite 5
Richmond, VA.
23219

AO 241
(Rev. 01/15)



**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: of Virginia |
|---|---|
| Name (under which you were convicted): Michael S. owl Feather - Gorbey | Docket or Case No.: |
| Place of Confinement : USP lee Jonesville. Virginia | Prisoner No.: 33405-013 |
| Petitioner (include the name under which you were convicted) owl Feather - Gorbey v. | Respondent (authorized person having custody of petitioner) warden |
| The Attorney General of the State of: District of Columbia | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
superior Court (District of Columbia)
500 Indiana Ave. N.W.
washington. D.C. 20001
(b) Criminal docket or case number (if you know): 2008-CF2-1552

2. (a) Date of the judgment of conviction (if you know): 2008 & Remand 2014
(b) Date of sentencing: 8-15-2008 & Remand Resentencing 2-6-2014

3. Length of sentence: 264 months / 240 months / 264 months

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: D.C. Code 22-3154(b) Attempt Possess or manufacture (WMD); D.C. Code 22-4515 Possess Explosive Device; D.C. Code 22-4504 Possess Deadly or Dangerous weapon; D.C. Code 7-2506.01. Possess unregistered Ammo. DC Code 7-250 Possess unregistered Firearm.

6. (a) What was your plea? (Check one)
☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)
☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? NA

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: District of Columbia Court of Appeals

(b) Docket or case number (if you know): 08-CF-1080 + 10-CO-1075

(c) Result: Remand for Frendak + to vacate merger charges.

(d) Date of result (if you know): 2012

(e) Citation to the case (if you know): Gorbey vs. United States 54 A.2d 668 (D.C. 2012)

(f) Grounds raised: (multiple) Ineffective Trial Counsel, sentencing, Pre-Direct Appeal 23-110, Direct Appeal Counsel(s), unconst. of D.C. Codes 22-3155, 22-4515, 22-4504, 7-2506.01; unconst. Feds. using D.C. State Ct.; charges Fed. by nature + not D.C. State charges; D.C. State Prisoner confined in Fed. Custody illegal; search + seizure; dereliction of Police duties impound inventory search; Deny impartial Jury; Deny favorable material witnesses; Prosecuteral misconduct; PSR + D.C. Good + Recusal issues

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know): ______

(6) Grounds raised: ______

(h) Did you file a petition for certiorari in the United States Supreme Court? ☑ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): Impeded (Suter & Higgins)

(2) Result: Impeded (Suter & Higgins)

(3) Date of result (if you know): 2014-2015

(4) Citation to the case (if you know): Impeded (Suter & Higgins)

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court (District of Columbia)

(2) Docket or case number (if you know): 2008-CF2-1552

(3) Date of filing (if you know): 2008

(4) Nature of the proceeding: D.C. Code 23-110 (Pre-Direct Appeal)

(5) Grounds raised: Ineffective Trial & Sentencing Counsel Constitutionality of D.C. Codes 22-3154, 22-4515, 22-4504 & 7-2506.01; Unconst. Feds. using D.C. state Superior Ct.; charges Fed. by Nature & Not D.C. state charges; D.C. state Prisoner Confined in Fed. Custody illegal; search & seizure Dereliction of Police Duties; Deny Impartial Jury; Deny Favorable material witnesses; Prosecuteral misconducts; Error Reported P.S.R., Denied Qualifying D.C. 6.2; Concurrent sentencing & Recusal

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: summary denied

(8) Date of result (if you know): 2011

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Superior Court (District of Columbia)

(2) Docket or case number (if you know): 2008-CF2-1552

(3) Date of filing (if you know): 2011

(4) Nature of the proceeding: D.C. 23-110 (Pre-Direct Appeal)

(5) Grounds raised: Ineffective Counsel on 1st 23-110 & sentencing unconst. D.C. Code(s) 22-3154; 22-4515, 22-4504, 7-2506.01 Jury issues; Witness issues, PSR, D.C. 6.2 & Recusal issues.
* They summary ignore or Deny my 1st 23-110 Allegedly because Appointed Counsel Preston Burton Argue A Battery of issues & yet then Deny my 2nd 23-110 As successive. Claiming I somehow should Have Argue Burtons ineffectiveness on the 1st 23-110 in the 1st 23-110 being impossible & then on Appeal they claim I Had Not Right to burtons Appointment & Could not Argue His ineffectiveness

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: Summary Denied As successive

(8) Date of result (if you know): 2011

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Superior Court (District of Columbia)

(2) Docket or case number (if you know): 2008-CF2-1552

(3) Date of filing (if you know): 2013

(4) Nature of the proceeding: D.C. Code 22-4135 (Actual Innocence)

(5) Grounds raised: Actual Innocence of Alleged Explosive Charges. P.S.R & D.C. 6.2 Concurrent sentencing And ineffective Counsels Trial, sentencing, Critical stage Pre-Direct Appeal 23-110 And Direct Appeal

* They claim I was bar (because of) Appointed Attorney Errors, yet I was bar from Arguing those Attorney Errors (because of) Attorney Errors! being A Farce & mockery manifest injustice.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: Summary Deny For Counsel Errors but Deny Ineffective claims

(8) Date of result (if you know): 2013

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☑ Yes ☐ No

(3) Third petition: ☑ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Recusal of D.C.C.A Judges Washington, Steadman, Glickman Ruiz, Thompson, Blackburne-Rigsby, Nebeker, Terry, Pryor, Fisher, Oberly & Belson

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

These Judges Have Taken Part in A large legal Conspiracy, they Have Deliberately Deny Reliefs on Everything I've Filed while Conspiring Compromising Assistance of Attornies & trying To Force me To Play Crazy To Cover up Government Negligences-misconducts And Cannot Escape the Appearance of Bias, Antagonism or Partiality & must Recuse see Appeals 08-CF-1080 & 10-CO-1075, 11-CO-1724 & 12-CO-568, 13-CO-1289 & 13-CO-1296, 13-CO-1454, 14-CO-155, 14-CO-156, 14-CO-390, 14-CO-1211, 15-CO-418.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Not Ripe For Consideration At that Time. D.C.-23-110 is inadequate or ineffective And I Filed En banc Rehearing & To Recall mandate.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: En banc Rehearing & motion to Recall mandate. 23-110 ineffective or inadequate to challenge D.C.C.A issues.

**GROUND TWO:** Denial of 6th Amend. Right to Counsel, Investigators services or Fees necessary for adequate defence on Appeal(s)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was forced to conduct my Remand and D.C. 23-110 Appeals pro-se incarcerated, indigent, without fees, or investigative services or access to my files.

I Represented myself on Remand yet D.C. Jail (Refuse) to send any of my property to me in Fed. Prison depriving me of all of Remand Records on Appeal.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Issue was not Ripe for Direct Appeal, this is a Remand Appeal issue.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : Noting Available D.C. 23-110 is ineffective or inadequate to challenge D.C.C.A Appeal Ct. issues I Exhausted my Remedies by Filing En banc Rehearing & motion to Recall mandate.

**GROUND THREE:** Abuse of Discretion by D.C.C.A Judges Denying Gorbey's Ineffective Counsel & sentencing issues As successive.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Gorbey's Remand or Post Remand 23-110 & Collateral issues ineffective Counsel & sentencing issues were Not 2nd or successive in light of the 2014 Remand Resentencing Judgment, so the D.C.C.A Judges deliberately Abuse Discretion by Denying the issues As successive (Especially) when the Errors were made (Again) on Remand And Gorbey was challenging those Errors made on Remand & Post Remand Collateral Reviews.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Not Ripe For Direct Appeal Review, these are Remand & Post Remand issues. I did Appeal 13-CO-1454, 14-CO-155, 14-CO-156, 14-CO-390, 14-CO-1211 & 15-CO-418

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Enbanc Rehearing & motion to Recall mandate... 23110 is inadequate or ineffective to challenge D.C.C.A. issues.

**GROUND FOUR:** Abuse of Discretion For D.C.C.A Judges To Have Deny my Appeal(s) without oral Arguments or An Evidence Hearing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I Gorbey Presented more than Enough information & Evidence to Require oral Arguments or An Evidence Hearing And it was A clear Deliberate Abuse of Discretion For Gorbey to Have been Denied ANY Hearing or Relief.. these Judge(s) Have been Conspiring to keep Gorbey incarsorated illegaly while they Abuse our Judicial system making A farce & mockery of that system. making that system A Tyrant over the People!

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: was Not Ripe For Direct Appeal this is A D.C.C.A Remand & Post Remand Appeal issue 23110 is Not Available & I Filed En banc & to Recall mandate.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: ______________________

______________________________________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

______________________________________________

______________________________________________

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

______________________________________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

______________________________________________

______________________________________________

______________________________________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: En banc Rehearing and motion To Recall the mandate ... D.C. 23-110 is inadequate or ineffective To challenge D.C.C.A issues see. Williams vs. martinez 586 A.3d. 995 (D.C. Cir 2009) Nothing Else is Available accept this §2254

______________________________________________

______________________________________________

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

______

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. 2254 U.S. Dist. Ct. D.C. 1:13-cv-02019 (JEB)
2254 U.S. Dist. Ct. Birmingham Al. 1:15-cv-01359-RDP-JHE.
2241 U.S. Dist. Ct. Terre Haute Ind. (2009)
2241 U.S. Dist. Ct. Coleman Fla. (2010)

All Judge(s) Conspiring & Exparte Communicating Summary Deny my Petitions.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. U.S. Supreme Ct. D.C. 16-6960, 16-6961, 16-7052
U.S. Appeal Ct. D.C. 16-5364 Appeal To Rule 60(b) ~~A~~
New Evidence & Rule 59(e) Recusal

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ① Coopers (P.D.S) D.C. ② Mullins (P.D.S) D.C.
633 Indiana Ave. N.W. Washington. D.C.

(b) At arraignment and plea: ③ Talley (P.D.S) D.C.
633 Indiana Ave. N.W. Washington. D.C.

(c) At trial: ④ Otton (P.D.S) D.C.
633 Indiana Ave. N.W. Washington. D.C.

(d) At sentencing: ⑤ Donald Dworsky (C.J.A)
maryland.

(e) On appeal: ⑥ Hoffman & ⑦ Preston Burton - orrick Pro-bono
washington. D.C.

(f) In any post-conviction proceeding: Preston. Burton. ⑧ Jennifer Wicks. ⑨ George lane & ⑩ Nathan Silver. Washington. D.C.

(g) On appeal from any ruling against you in a post-conviction proceeding: Preston Burton - orrick
Washington. D.C.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ❒ Yes ❒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ❒ Yes ❒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

my Remand & Collateral Proceedings i'm challenging Here Are All Appeal that became Final Jan. 31. 2017 D.C.C.A # 13-CO-1454. 14-CO-155. 14-CO-156. 14-CO-390. 14-CO-1211 & 15-CO-418 most Are Already Consolidated. I Am well within 1 year see Copies of D.C.C.A Final orders Enclosed

Appeals 13-CO-1454; 14-CO-155; 14-CO-156; 14-CO-390
14-CO-1211, & 15-CO-418.

were All Finalized 1-31-2017

2244(d)(1)(A)

Hardy vs. United States 988 A.2d. 950 (D.C. 2010)
the miscarriage of Justice gateway Applies in Extraordinary cases where A Constitutional violation Has (Probably) Resulted in the conviction of an innocent man see.
Schlup vs. Delo 513 U.S. 298 (1985)

Gorbey Has been ineffectively assisted From Arrest Arraign-ment To Final Remand & Post Conviction Appeals. Where Even His own self Representation Has been ineffective because He was Denied Assistances, Fees for Investigative services necessary To Present an Adequate Defence in All stages of those Proceedings Even Trial & sentencing

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: ① Immediate Release ② Remand For oral Arguments on Remand of 23-110 Appeals before other less bias Judges ③ Remand For New Trial ④ Remand For Evidence Hearing ⑤ Remand to Correct PSR to Apply D.C. 6.24 Resentencing

or any other relief to which petitioner may be entitled.

(Chief) Michael S. Owl Feather-Gorbey
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury to best of my knowledge that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 3-11-2017 (month, date, year).



Executed (signed) on 3-9-2017 (date).

(Chief) Michael S. Owl Feather-Gorbey
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

U.S. District Court
210 Franklin Rd. S.W. Suite 540
Roanoke, Virginia 24011

2-20-17

Michael S. Owl Feather-Gorbey

vs.

(1) Warden, USP Lee
(2) U.S. Attorney General
(3) District of Columbia

Case #________________________

Owl Feather-Gorbey's memorandum of Facts and Law in support of His 28 USC § 2254 writ of Habeas Corpus. Petition To D.C.C.A Appeals 13-CO-1454; 14-CO-155; 156; 390; 1211; And 15-CO-418.

I Owl Feather-Gorbey seek an Evidence Hearing and Discovery necessary To adequately Defend this Petition.




(Chief) Michael S. Owl Feather-Gorbey
Rock-Tree Cheromanche-Monacan
21-19/13-7 @ the U.S. Mobile Guard
21-14/13-7 @ the United Nations Ranger
Director, (Project of Authority)
33405-013
U.S. Penitentiary Lee
P.O. Box 305
Jonesville, VA. 24263

Jurisdiction

D.C. Code §23-110 is inadequate or ineffective to challenge D.C.C.A. issues allowing §2254 Relief see. Williams vs. Martinez 586 A.3d. 995 (D.C. Cir. 2009)

(Chief) Michael S. Owl Feather-Gorbey
33405-013

Statement of Pro-se Counsel.

I Owl Feather-Gorbey state that this Petition is not ment to be malicious or to cause delays in any proceedings and I believe I am intitle to Relief.

(Chief) Michael S. Owl Feather-Gorbey
33405-013

Grounds For Relief

Ground (1) Recusal of D.C.C.A Judges Eric T. Washington; Steadman; Belson; Glickman; Thompson; Ruiz; Fisher; Blackburne-Rigsby; Nebeker; Pryor; Terry; And Oberly. For Bias, Antagonism and Partiality.

Ground (2) Denial of Gorbey's 6th Amendment Right to Have Counsel or Investigative services Necessary to A Fair and Adequate Defence on Appeals. D.C.C.A

Ground (3) Abuse of Discretion by Denying Gorbey's ineffective Counsel claims As successive. and or sentence claims

Ground(4) Gorbey was intitle to Oral Arguments and or an Evidence Hearing. Abuse of Discretion by D.C.C.A Judges

## Points And Arguments

Ground (1) Recusal of Judges Washington; Steadman; Belson; Glickman; Thompson; Ruiz; Fisher; Blackburne-Rigsby; Nebeker; Pryor; Terry; And Oberly For Partiality, Bias And Antagonism.

Supporting Facts

(X) On my Direct Appeal 08-CF-1080 & 10-CO-1075 Judges Eric T. Washington; Glickman; Fisher; Blackburne-Rigsby Thompson and Prayer. Forced upon me over my own objections Attorney Preston Burton whom had already ineffectively assisted me in Critical stage Pre-direct Appeal D.C. §23-110 Proceedings... And then the Judges (Conspiring) claim I could not argue Burton's ineff-ectiveness because I had no Right to his appointment irrespective of it being a Critical stage Proceeding. And their Forcing Burton upon me. And Burton motioning to be appointed and assuming the Responsability to be Effective. see.

State vs. Sharkey (2014) Bl. 101754 Kan. No. 106150.
Ineffective Counsel on Post Conviction... motion Filed Prior to Direct Appeal Are in Critical stage see.
United States vs. Williamson 706 F.3d. 405 (4th cir. 2013)
Prejudice is Presumed At Any Critical stage see.
United States vs. Cronic 466 U.S. 648 (1984)

(a) ON Direct Appeal those D.C.C.A Judges Allow Fired Attorney Hoffman To Contact & (instruct) Burton What To Argue in my Case (before) Burton Was Ever Appointed As Evidenced by letters & E-mails between the 2 Attornies.... And then Burton did Argue in my Case Just What Hoffman instructed Him to & Almost chapter & verse While ignoring my valid issues For Appeal Resulting in PreJudice and ineffectiveness. see

United States vs. Decoster 199 U.S.App.D.C. 359, 444 U.S. 944 (1979) the 6th Amendment guarentees more than simply the Appointment of Competent Counsel.

(b) ON my Direct Appeal, these D.C.C.A. Judges Conspire with Attorney Burton & Prosecution To Conclude my Appeal in unconstitutional Ways. Conspiring to Avoid overturning the Case. Even (instructing) Burton What to And Not to Argue on my Appeals As Evidenced by letters & E-mails between Burton And the D.C.C.A. Judges. Resulting in ineffectiveness and PreJudice While summary shutting out All my valid Pro-se Arguments.

(b) (1) the Error Reported P.S.R & D.C. 6.2 Concurrent sentencing. that I Have been shut out on Ever since Burton's ineffectiveness. see Whiteside vs. United States (2014) Bl. 96662 (4th cir 13-7152)

(b) (2) Actual innocence of Any Alleged Explosive charges. In re Davis (8-24, 2010) U.S. Dist. lexis 87340 Fla. Stat. §925.11 (2006) And D.C. Code §22-4135.

(b) (3) the unconstitutionality of D.C. Codes §§ 22-3154;

22-4515; 22-4504 And 7-2506.01.

(b)(3)(i) 22-3154 is A Weapon of mass Destruction charge so vague it includes Fire Crackers & Baseball bats. see.

Fla. stat § 790.166(1)(a)(2008) WMD being Toxic, Poisonous chemicals. biological Agents or Radiation.

N.C. Gen. Stat. § 14-288.21(c) WMD. Nuclear, Biological or chemical in Nature.

Minn. Stat. § 609.712(F)(2008) WMD. Toxic. chemicals. Disease organisms. biological or Radiation.

Burton Refuse to Argue this below on § 23-110 to Preserve it For Appeal & then got it shut out on Appeal.

(b)(3)(ii) 22-4515 is A wet bomb molotolve Cocktail statute including Dry bombs.

(b)(3)(iii) 22-4504 is A Deadly or Dangerous (Consealed weapon) statute listing weapon that could be Consealed As A Pistole. While Prosecuting People For unconsealed long guns & souviner swords.

(b)(3)(iiii) 7-2506.01 is A Persons Permitted to Possess Ammo. statute being used to convict People For Possession of unregistered Ammo. When Nothing in 7-2506.01 Requires Ammo. to be Registered. see.

City of Chicago vs. Morales 527. U.S. 41. 56 (1999) unconstitutionl if it Fails to Provide Proper notice What Acts Are Prohibited or if it Allows or Encourages Arbitrary. Discriminatory Enforcements.

(b)(4) Ferretta issues being ignored While Finding Frendalk Conserns. (Proof The D.C.C.A & Attornies Conspired

United States vs. Boigegrain 155 F.3d. 1181 (10th cir 1998) Court Cannot logically Question Defendants Competence

To stand Trial. While At the same Time be shore He Has Knowingly And intelligently waived Counsel. United States vs. Purnett 910 F.2d. 51. 55 (2nd cir 1999)
* Where, Here Also We must Consider that the D.C.C.A Judges (Conspiring) Prompted or Allow Burton To Try To Cover up All the Government Negligences by His ineffective use of Expert Witness DR. Avrium mack... Where. instead of Having mack To Evaluate Gorbey And to Report on How the Real life malicious Fugitive Events may Have Caused Phobias that did Effect Gorbey's Ability to Act Pro-se At Trial. Burton used DR. mack To Provide A 6 page $11,000.00 Report on Delusional Disorders While Not Even speaking to or Examining Gorbey To Conspire to Try to (Cover up) all the Real life Fugitive Events. Resulting in ineffectiveness & PreJudice on Gorbey's Ferretta Conserns. see.
Roberts vs. Dretke (2004 CA5 Tex) 356 F.3d. 632
(b)(5) Denial of Faverable material witnesses. the lady From 2nd St. D.C ... Detective Depalma. Testified At Trial that this lady, A police officers wife Had Told them that she Had spoken to the driver of the Truck shortly before The Events on 1-18-2008 And that it Was Not Gorbey... this obspunge the Constructive Possession charges And it is (Proof) the Government showed misconduct by Redacting or Hiding Faverable, material witnesses. And then the superior Ct. Abuse Discretion by Denying Gorbey this witness. As

well witness Kimberly schnider A Police spokes woman whom Had 1st Hand Knowledge & Told News People NO Explosive Device was Found in the Truck on 1-18-2008. (Proof) that someone set Gorbey up planting the device After His Arrest. Harris vs. United States 834 A.2d 106. 124 (D.C. 2003) Bardoff vs. United States 623 A.2d. 86. 92-93 (D.C. 1993)

(b)(6) Denial of Trial by Impartial Jury. some 5 Jury members were Related to the Government one was Employee by Home land security. one Juror Express Annimosities To A Court clerk and when voir Dire. He admitted He Had Express those Annimosities To other Jurors & that They Too Had Express Annimosities Towards Gorbey. yet the Trial Court Refuse To Excuse this Juror For Cause. Refuse to voir Dire Any of the other Jurors And Refused A mistrial... the D.C.C.A Judges (Conspiring) Affirm this And claim That As long As Jurors say they Can be impartial There is No Constitutional Rights violation. being A Farce. Catlett vs United States 545 A.2d. 1202. 1213 (D.C. 1988) Abuse of Discretion Not Excusing Juror For Cause.

(b)(7) appointed Counsels Failure To obtain An Expert witness To Rebute the Governments Expert F.B.I. Ali vs. United States 581 A.2d. 368. 380 (D.C. 1990) may challenge Effectiveness of Hybrid Counsel. Counsel was Conspiring with Prosecution To Either Deny Gorbey Any Proper Expert or To Allow the Government (months) in speedy Trial Delays.

(c)(d) D.C.C.A Appeals # 11-co-1724 & 12-co-658 Judges Fisher; Blackburne-Rigsby; Nebeker; And Eric T. Washington.... Here the Judges Denied Gorbey Relief (because of) Attornies Burton And Dworsky's & Hoffmans. ineffectiveness. And yet. then claim Gorbey cannot challenge Burton's ineffectiveness because constitutionally Gorbey Had no Right to Burtons Appointment on 23-110. When Burton was (Forced) upon Gorbey over His many objections. While Burton motion to be Appointed Assuming Responsability to be Effective And the §23-110 issues were Pre-Direct Appeal Critical stage Proceedings Requiring Effective counsel. Conspiring to Violate Gorbey's Rights see. State vs. Sharkey (2014) Bl. 101754 Kan. No. 106150 ineffective counsel on Post conviction... Motion Filed Prior to Direct Appeal Are in Critical stage United States vs. Williamson 706 F.3d. 405. 92 Crl. 544 (4th cir. 2013).. PreJudice is Presumed When Denied Effective counsel At Any Critical Proceeding. United States vs. Cronic 466 U.S. 648 (1984)

(d) D.C.C.A Appeal # 13-co-540 Judges Thompson; Pryor And Terry.... Here the Judges Conspiring Deny Me counsel. Investigative services And or Any of my Files or Property Taken upon Arrest. Property that is Evidence to A large scale legal conspiracy And To Government misconducts including 911

(E) D.C.C.A Appeal(s) # 13-co-1289 & 13-co-1290. Judges Fisher; Thompson And Ruiz... Here the Judges

Deny me Counsel. Investigative services And Again Any of my Case Files & Property ... Affirming Denial of Relief on D.C. § 22-4135 Actual Innocent claims. (because of) Ineffective Appointed Counsels in Earleyer Critical stage Proceedings And yet then claim I'm bar from challenging Counsels Ineffectiveness, irrespective of "New Evidence" because I Had been Forced To challenge that Counsels Ineffectiveness Pro-se, incarsorated indigent & (without) Assistance in those Earleyer Critical stage Proceedings. being special Circumstances Requiring Consideration of the Issues, Fairly see. Accord Doepel vs. United States. 510 U.S. 1044. 1045-46 (D.C. 1986). Also being Repungnent To D.C. § 22-4135 Actual Innocent Proceedings see. Betts vs. Brady 316 U.S. 455 (1942)

Whether A man is innocent or Not Cannot be Determine by A Trial As Here. Where Denial of Counsel Has made it impossible To Conclude with Any satisfactory Degree that the Defendant Case was Adequately Presented.... the D.C.C.A Court Also Deny Gorbey's Recusal issues (without) A Hearing see. Hurles vs. Ryan (2014) Bl. 137326 (9th Cir. No. 08-99032) making unreasonable factfinding

(F) (5) D.C.C.A Appeal(s) Consolidated # 13-CO-1454; 14-CO-155; 14-CO-156 And 14-CO-390. Judges Washington; Glickman; Fisher; Blackburne-Rigsby; Thompson; And Belson... Here. the Hostile Judges Force Gorbey To Fight His Remand Appeal Pro-se.

indigent, incarsorated (without) counsel or investigative services (without) any of His Remand Files as D.C. Jail (Refuses) to send Prisoners any of their Jail Property and they affirm the superior Ct. Doing the same below. clearly violating my Rights. Denying Gorbey any Fair Proceedings. unconstitutionally see.

D.C. Code §11-2603 Duration & substitution of appointment
defendant intitle to counsel at every critical stage including appeals and collateral proceedings relevent to the case. see.

D.C. Code §11-2605 services other than counsel.
(a) defendant financialy unable to obtain services necessary for an adequate defence may obtain services or fees from the court.

Roger H. Corley vs. United States 416 A.2d. 713 (1980)
intitle to counsel in collateral proceedings and appeals .... where on Remand. Gorbey was allow to plea insane but (denied) any mental exams. forced to act pro-se, denied investigative services & denied considerations of errors in the P.S.R & D.C. 6.2 concurrent sentencing. and the D.C.C.A Judges affirm all this see.

United States vs. Valenzuela-Bernal 458 US 858 (1982)
Right to Fair Trial & Assistance of Counsel.

(9)(8) Appeal D.C.C.A # 14-CO-1211 Judges Fisher; Thompson; and Ruiz. claim my §23-110 Filed (after Remand) Resentencing was bar by §23-110 Proceeding Filed (before) Remand

(h)(4) Appeal 15-co-418 Judges ignore US supreme ct. ~~Rules~~ laws. PSR Any Time by use of Rule 36 clerical mistakes. And Also the D.C.C.A Judges Conspiring ignore the new Remand Judgment claim I was bar because they Herd the issue before Where their Appointed Counsel(s) Fail to Effectively Assist me.

The Fact of All this is that Authorities sought To Plea me insane to Cover up All the Government neglogences & or misconducts And When I Refuse to Play Along, they Have openly Conspire To Deny me Any other valid Reliefs to openly deliberately & intentionally Keep me in Prison illegaly Requiring Recusal & (immediate Relief)!!.

28 USC §455(a) And (b)(1) A Judge (shall) Disqualify in Any Proceeding in Which impartiality might Reasonably be Questioned or if there is A Personal Bias or PreJudice Conserning A Party. subsection (b)(1) Has the subjective ExtraJudicial source Limitation Liteky vs. United States 510 U.S. 540 (1994). Recusal may be Appropriate When A Judges Decisions, opinions or Remarks stem From An ExtraJudicial source, United States vs. Nickl 427 F.3d. 1286. 1298 (10th cir. 2005) (Citing) Liteky 510 U.S. at. 554-55); Belue vs. leaventhal 640 F.3d. 567. 572 (4th cir. 2011). .. Recusal is Also Necessary When A Judges (Actions) or Comments Reveal such A High Degree of Favoritism or Antagonism As to make Fair Judgment impossible.

(Quoting Liteky 510 U.S. at 555).
Section 455(a) Has A broader Reach than subsection (b)(1) And the standard is Not subjective but Rather is objective Nichols vs. Alley 71 F.3d. 347. 350 (10th cir. 1995) (Citing Liljeberg vs. Health Servs. Acquisition Corp. 486 U.S. 847. 858 N.7 (1988) And Liteky 510 U.S. at 548).. the Factual Allegations need not be Taken As True And the Test is whether A Reasonable Person Knowing All the Relevant Facts would think About the Judges Impartiality. Id. at 350-51. (Quoting) United States vs. Cooley 1 F.3d. 985, 993 (10th cir. 1993) Burleson 123 F.Appx at 960... United States vs. Lentz 524 F.3d. 501, 530 (4th cir. 2008) A Judge Has A Contenuing duty To Ask His-Herself What A Reasonable Person Knowing All the Facts would think About His-Her Impartiality. United States vs. Greenspan 26 F.3d. 1001, 1005 (10th cir. 1994) (Quoting United States vs Hines. 696 F.2d. 722, 728 (10th cir. 1982).. the goal of section 455(a) is to Avoid Even the "Appearance" of Partiality Liljeberg 486 U.S. at. 860... the initial inquiry - whether A Reasonable Factual basis Exists For Questioning the Judge's Bias or Impartiality - is limited to outward manifestations And the Reasonable inferences to be drawn From those manifestations Nichols 71 F.3d. at. 351 (Citing Cooley 1 F.3d. at 993) the Judges Actual state of mind, Purity of Heart

incorruptability or lack of Partiality are Not the issue. Id. (Citing Cooley 1 F.3d. at. 993) the Judge must Recuse when there is the "Appearance" of Bias or Partiality Regardless if it Actually Exists Bruce vs. Episcapal church of Colo. 289 F.3d. 648. 659 (10th cir. 2002) (Citing Nichols 71 F.3d at. 350)

Where, Here. After Denying Gorbey Relief in All of these Appeals 08-CF-1080 & 10-CO-1025; 11-CO-1724 & 12-CO-658; 13-OA-39; 13-CO-540; 13-CO-1289 & 13-CO-1290; 14-OA-9; 14-CO-80; 14-CO-568; 13-CO-1454; 14-CO-155; 14-CO-156; 14-CO-1211; 14-CO-390 And 15-CO-418. Some 17 Appeals openly Conspiring & Abusing Discretions in Every one Trying to Force Gorbey to Play Crazy or get No Reliefs.... there is No way these Judges Can Escape the "Appearance" of Bias. Partiality, And or Antagonism. And therefore must Recuse! Especially Washington. Thompson & Blackburn Rigsby

And Evidence Hearing For Recusal should be Held should Recusal be Denied otherwise but. Any Reasonably minded Person Knowing All the Relevant Facts would clearly Agree that the Record in All these Appeals when Reviewed Together & some Alone clearly Establish A need For Recusal, because No Reasonable Person Could Claim that these Proceedings Have been Fair. or Constitutional.

Ground(2) Denial of Gorbey's 6th Amendment Right to Have Counsel, Investigative services or Fees Necessary For An Adequate Defence on Appeals.

Supporting Facts.

Gorbey was ineffectively Assisted on Direct Appeal Resulting in A Prejudicial Remand opinion. And then was ineffectively Assisted by several Attornies on Remand Forcing Him to Preserve His Rights Pro-se, indigent, incarscorated without Co-Counsel or Any Investigative services. When then Gorbey was usher back to Federal Prison & Deny Any of His Remand Files or D.C. Jail Property & Records and Forced to Fight His Appeal Pro-se, indigent, incarscorated And without Counsel, investigative services or Any of His Files... Gorbey Even went back under new U.S. Supreme Ct. law. And challenge His PSR under Rule 36. & got summarly denied without Counsels, Fees or services & then was Also Forced to Fight that Appeal the same. All violating Gorbey's Constitutional Rights & making All the Proceedings unfair. see D.C. Code §11-2603 (Duration & substitution of Appointments).. Defendant is intitle to Effective Counsel in All stages of the Proceedings, including Appeals & Collateral Proceedings Relevent to the case.... this Alone ment Burton Had to be Effective on §23-110 And

that Gorbey was intitle to Counsel on several Collateral Proceedings. §23-110. §22-4135. And Rule 36 Proceedings And Remand And on those Proceedings Appeals. see.

D.C. Code §11-2605 (services other than Counsel)

(a) Defendants Financially unable to obtain services like investigators. Necessary For An Adequate Defence may obtain them From the Court. see.

Roger H. Corley vs. United States 416 A.2d. 713 (1980)
Counsel through Appeals see.

State vs. Wang Conn. No. S.C. 19178 (June 17. 2014)

Ake vs. Oklahoma 470. U.S. 68 (1985)
Defendant intitle to Public Fees Reasonably necessary To Have Fair opportunity to present Defence Pro-se... (PDS must Foot the bill)

United States vs. Mackey No. 13-10521 (5th Cir. 2014)
Rule 36 to Correct PSR Clerical mistakes.

Where. this Case Has been A mockery For 9 years. & the Hostile Courts Have only been going through the motions To make it (look) Formal but the Proceedings Have Not been meeningfull or Even close to Fair. And the D.C.C.A Judges Have Repeatedly Conspire Against me. openly violating my Rights. As Here. Denying me Any Counsel. Investigative services or Fees necessary For Fair, Adequate Appeals.

Ground(3) Abuse of Discretions by D.C.C.A Judges by Error claiming my sentencing issues and or Ineffective Counsel issues were bar As successive After issuance of A Resentencing Judgment on Remand.

Supporting Facts.

Gorbey challenge the Effectiveness of His Counsels in Collateral Proceedings Pre-Direct Appeal. & then on Direct Appeal. (Without) the Assistance of Counsel. Investigative services or A Hearing & got summary shut out of Court(s). As well did He on His sentence ~~and~~ issues....

On. 2-6-2014 A New Remand Judgment was issue And then in D.C.C.A Appeals 13-CO-1454; 14-CO-155; 14-CO-156; 14-CO-390; 14-CO-1211 And 15 CO-418 Gorbey Again Raised the sentencing issues & ineffective Counsel issues but got shut out of Court As successive to Appeals Filed (before) Remand Resentencing being A Deliberate Hostile & clear Abuse of Discretion 2244(d)(1)(A) the Effect of Resentencing is to Restart the statute of limitations. Period. Johnson vs. Howes (2010) WL 3398878 (W.D. Mich. 8-27-10) quoting Magwood vs Patterson 561 U.S. 320, 332 (2010) the U.S. supreme Ct. Held that When A new Judgment intervenes between An initial Habeas Proceeding & the new New Habeas Proceeding. The new Habeas is Not second or successived Id. at 333. see.

Linscott vs. Rose 436 F.3d. 587, 591 (6th cir. 2006)
Suggs vs. United States 705 F.3d. 279 (7th cir. 2013)
2255 brought After Resentencing was Not 2nd or successive ... yet, Here. the Conspiring D.C.C.A. Judges. claim. Addressing Consel & sentencing issues on Direct Appeal where Gorbey Had No Assistance of Counsel, Hearing or investigative services see. Gorbey vs. United States 54 A.2d 668 (D.C. 2012) some How barrs Gorbey From Addressing Counsel & sentencing issues on Remand And other Appeals (After) Remand. Deliberately Conspiring To shut Gorbey out of Court because He Refuse To Play Crazy To Cover up All the Government miscon-ducts. Now Requiring Habeas Relief.

Ground (4) Abuse of Discretion by the D.C.C.A Judges Denying Gorbey Relief without oral Arguments or A Hearing.

Supporting Facts.
Where. while the Decision To Conduct A Hearing is Committed To the Trial Courts Discretion that Discretion is Quite Narrow.
Long vs. United States 910 A.2d. 298. 308 (2006) (quoting)
Little vs. United States 748 A.2d. 920 (D.C. 2000)
on such A Petition or Appeal. A Hearing is Require unless the Allegations of the Petition itself Are vague and Conclusory. Are wholly incredable.

or. Even if True would merit No Relief see. Miller vs. United States 479 A.2d. 862.869 (1984) where. Here. Gorbey Has stated clear Facts that if Proven True will intitle Him to Relief And in so it would be An Abuse of Discretion To Deny this Habeas Petition without Any Hearing. As it was An Abuse to Have denied Him oral Argument or Hearing in D.C.CA Appeals there Has been several miscarriages of Justice in this Case Requiring Relief. As All of Gorbey's D.C.C.A Appeals Have been unfair. Hardy vs. United States 988 A.2d.950 (D.C. 2010) The misscarriage of Justice gateway Applies in Extraordinary Cases where A Constitutional violation Has (Probably) Resulted in the Conviction of An innocent Person. see. Schlup vs. Delo 513 U.S. 298 (1985)

A Prompt Hearing is Required in this Case! Recusal of these Judges & Remand For New Trial & or Resentencing Accordingly & immediate Release.

(Chief) Michael S. Owl Feather-Gorbey
Rock-Tree Cheromanche-Monacan.
21-19/13-7 @ the U.S. Mobile Guard
21-14 #13-7 @ the United Nations Ranger
Director. Project of Authority
33405-013
U.S. Penitentiary Lee
P.O. Box 305
Jonesville. VA. 24263

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FEB 10 PM 4 59
FILED

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **Case No. 2008 CF2 001552** |
| | * | **Judge Gregory E. Jackson** |
| **v.** | * | |
| | * | **CLOSED CASE** |
| | * | |
| **MICHAEL S. GORBEY** | * | |

Jackson Conspiring Had my Motions Delayed so as to moot them.

**ORDER**

Before the Court are several miscellaneous *pro se* motions filed by Defendant Michael Gorbey on January 24, 2014. Due to administrative delays, the motions did not reach the Court until February 6, 2014. For the reasons set forth below, the motions are denied as moot.

The Defendant first moves to stay the remand proceedings pending resolution of the Defendant's interlocutory appeal of this Court's denial of funds to hire an investigator. The Defendant was re-sentenced per the remand from the Court of Appeals on February 6, 2014, rendering any interlocutory appeal moot. Nonetheless, had the Court addressed the Defendant's motion prior to his re-sentencing, the Court would still have denied the Defendant's request. The Defendant states that he requires an investigator to collect documents relevant to his pre-sentence report ("PSR"). However, as this Court has reiterated on multiple occasions, the Court of Appeals has not ordered this Court to take any action regarding the Defendant's PSR. Aside from the issues on remand from the Court of Appeals, the Defendant's case has concluded. Upon his sentencing, the Court disposed of all remaining remand matters. Accordingly, the Defendant's request for an investigator is irrelevant. The Court sees no reason to delay the proceedings or expend public funds for an irrelevant request.

The Defendant next moves for the Court to order the Defendant's most recent attorney, Nathan Silver, to turn over the Defendant's files to the Defendant or a designee of the

Defendant's choice. The Defendant also asks for a continuation of his sentencing date, to provide him with an opportunity to review those files. Again, because the Defendant has already been re-sentenced, his request is moot. Moreover, the Defendant's prior case files are irrelevant to the narrow issue that the Court had yet to address at the time his Motion was written and filed – that is, his re-sentencing. Nonetheless, to the extent that the Court can facilitate a transfer of the Defendant's case files, currently in the custody of Attorneys George Lane and Nathan Silver, to the Defendant's next place of incarceration, the Court will attempt to do so.

The Defendant further moves for the Court to certify for interlocutory appeal the Court's order denying the Defendant's motions that the Court recuse itself from his case. The Defendant has now been sentenced. The time for an interlocutory appeal has passed.

Finally, the Defendant moves for discovery regarding his Sixth § 23-110 Motion, as well as funds for an investigator to obtain documents he claims are relevant to his Sixth § 23-110 Motion.[1] The Defendant's motions will be addressed in the Court's forthcoming order regarding the Defendant's Sixth § 23-110 Motion.

Accordingly, for the reasons set forth above, it is hereby

**ORDERED**, that the Defendant's motions, with the exception of those relating to his Sixth § 23-110 Motion, are **DENIED AS MOOT**.

**SO ORDERED.**

2/10/14
**Date**

**Judge Gregory E. Jackson**
**Associate Judge**
***Signed in Chambers***

---

[1] The Court detailed the Defendant's first through fifth motions pursuant to D.C. Code § 23-110 in its January 27, 2014 Order. The Defendant's sixth motion pursuant to D.C. Code § 23-110 ("Sixth § 23-110 Motion") was filed on January 30, 2013.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
Vs.
MICHAEL STEVEN GORBEY
DOB:01/31/1970

JUDGMENT IN A CRIMINAL CASE
(Incarceration)

Case No. 2008 CF2 001552
PDID No. 607888
DCDC No.

Allege new order, 2-12-14 I was NOT present there! I am lead counsel.

THE DEFENDANT HAVING BEEN FOUND GUILTY ON THE FOLLOWING COUNT(S) AS INDICATED BELOW:

| Count | Court Finding | Charge |
|---|---|---|
| 13 | Jury Trial Guilty | Unlawful Poss Ammunition VACATED 2/06/ 14 |
| 14 | Jury Trial Guilty | Possession of a Destructive Device |
| 15 | Jury Trial Guilty | Attempted Manufacture or Possession of a Weapon of Mass Destruction |

## RE -SENTENCE OF THE COURT

Count 13 Unlawful Poss Ammunition Sentenced to 12 month(s) incarceration., $50.00 VVCA VACATED ON 2/06/14

Count 14 Possession of a Destructive Device Sentenced to 36 month(s) incarceration, CONCURRENT TO 15 BUT CONSECUTIVE TO COUNTS 1, 3, 4, 7 5 year(s) supervised release, $100.00 VVCA TO BE DEDUCTED FROM PRISON PAY OR FUNDS. CREDIT FOR TIME SERVED

Count 15 Attempted Manufacture or Possession of a Weapon of Mass Destruction Sentenced to 120 month(s) incarceration, 5 year(s) supervised release, CONCURRENT WITH COUNT 14 BUT CONSECUTIVE TO COUNTS 1, 3, 4, 7 , CREDIT FOR TIME SERVED $100.00 VVCA TO BE DEDUCTED FROM PRISON PAY OR FUNDS

Why does my sentence comp. BOP still say 264. ↙

The defendant is hereby committed to the custody of the Attorney General to be incarcerated for a total term of 240 MONTHS. MANDATORY MINIMUM term of 1 YEAR AS TO COUNTS 1 AND 14 applies.

Upon release from incarceration, the Defendant shall be on supervised release for a term of: 5 YEARS

The Court makes the following recommendations to the Bureau of Prisons/Department of Corrections:

Total costs in the aggregate amount of $ 500.00 have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☐ have not been paid. ☐ Appeal rights given ☐ Gun Offender Registry Order Issued

☐ Advised of right to file a Motion to Suspend Child Support Order ☐ Sex Offender Registration Notice Given

☐ Domestic violence notice given prohibiting possession/purchase of firearm or ammunition

☐ Restitution is part of the sentence and judgment pursuant to D.C. Code § 16-711. ☐ Voluntary Surrender

18

2/6/2014
Date

GREGORY E JACKSON
Judge/

Certification by Clerk pursuant to Criminal Rule 32(d)

SUPERIOR COURT DISTRICT OF COLUMBIA

2/6/2014
Date

Michelle McCall-Harris
Deputy Clerk

Received by DUSM: ______________ Badge#: ______ Signature: ______________ Date: __________ Time: ______
Printed Name

CDJC_Jail.doc

# District of Columbia
# Court of Appeals

FILED
JAN 31 2017
DISTRICT OF COLUMBIA
COURT OF APPEALS

**Nos. 13-CO-1454, 14-CO-155, 14-CO-156 & 14-CO-390**

MICHAEL S. GORBEY,

Appellant,

v. **2008 CF2 1552**

UNITED STATES,

Appellee.

BEFORE: Glickman and Thompson, Associate Judges, and Belson, Senior Judge.

**ORDER**

On consideration of appellant's motion to recall the mandate, it is

ORDERED that appellant's motion to recall the mandate is denied. *See Watson v. United States*, 536 A.2d 1056, 1060-61 (D.C. 1987) (en banc). The issues raised in appellant's motion to recall the mandate were already considered and rejected and appellant fails to identify any error warranting a recall of the mandate. *See Gorbey v. United States*, Nos. 13-CO-1454, 14-CO-155, 14-CO-156 & 14-CO-390, Mem. Op. & J. (D.C. July 22, 2015). Appellant's additional claims were not properly raised before the court or lack merit.

PER CURIAM

Copies to:

Honorable Gregory Jackson

Director, Criminal Division
Case Management

2014R00044
2014R00401
2014R00402
2014R00809

US

# District of Columbia
# Court of Appeals

FILED
SEP 18 2015
DISTRICT OF COLUMBIA
COURT OF APPEALS

Nos. 13-CO-1454, 14-CO-155, 14-CO-156 & 14-CO-390

MICHAEL S. GORBEY,

Appellant,

v. CF2-1552-08

UNITED STATES,

Appellee.

BEFORE: Washington, Chief Judge; Glickman, Fisher, Blackburne-Rigsby, and Thompson.

## O R D E R

On consideration of appellant's petition for rehearing *en banc*; and it appearing that no judge of this court has called for a vote on the petition for rehearing *en banc*, it is

ORDERED that the petition for rehearing *en banc* is denied.

PER CURIAM

Associate Judges Beckwith, Easterly and McLeese did not participate in these appeals.

Copies to:

Honorable Gregory Jackson

Director, Criminal Division

Michael S. Gorbey
FED#33405-013, FCI Talladega
P.O. Box 1000
Talladega, AL 35160

Simpson

Elizabeth Trosman, Esquire
Assistant United States Attorney

pii

Exh C
Appendix (E)

**DISTRICT OF COLUMBIA COURT OF APPEALS**

Nos. 13-CO-1454, 14-CO-155, 14-CO-156, & 14-CO-390

MICHAEL S. GORBEY, APPELLANT,

V.

UNITED STATES, APPELLEE.

FILED
JUL 22 2015
DISTRICT OF COLUMBIA
COURT OF APPEALS

Appeals from the Superior Court
of the District of Columbia
(CF2-1552-08)

(Hon. Gregory E. Jackson, Trial Judge)

(Submitted March 19, 2015 Decided July 22, 2015)

Before GLICKMAN and THOMPSON, *Associate Judges*, and BELSON, *Senior Judge*.

**MEMORANDUM OPINION AND JUDGMENT**

PER CURIAM: Appellant, who had been convicted of several weapons offenses, challenges the trial court's denial of his motion on remand to withdraw his waiver of the insanity defense; the denial of his third D.C. Code § 23-110 (2012 Repl.) motion, based on constitutional violations; and the denial of his fourth, fifth, and sixth § 23-110 motions, based on ineffective assistance of counsel. We affirm.

**I.**

On September 20, 2012, upon appellant's previous appeal, this court remanded appellant's case to the trial court, ordering it to conduct a *Frendak* hearing[1] "to determine whether appellant intelligently, knowingly and voluntarily

---

[1] *Frendak v. United States*, 408 A.2d 364, 380 (D.C. 1979) ("whenever the evidence suggests a substantial question of the defendant's sanity at the time of the crime, the trial judge must conduct an inquiry designed to assure that the defendant has been fully informed of the alternatives available, comprehends the

(continued . . .)

waived a (possible) insanity defense."[2] *Gorbey v. United States*, 54 A.3d 668, 677 (D.C. 2012). We concluded that "sufficient red flags" had been raised by the time of sentencing to require the court to conduct the inquiry. *Id.*

On December 12, 2012, appellant filed his third § 23-110 motion alleging: improper *voir dire*; ineffective assistance of trial counsel, Preston Burton, for failing to challenge the *voir dire* procedure; and use of restraints during the trial and sentencing, which violated his constitutional rights. The court denied the motion, concluding that it had not committed plain error by conducting *voir dire* in the jury room; that trial counsel had not provided ineffective assistance; and that there was no constitutional error by allowing appellant to be held in restraints because they were not visible to the jury.

On September 19, 2013, the trial court conducted a hearing on remand during which defense counsel for the *Frendak* hearing, Nathan Silver, stated that he had discussed with appellant the "pros and cons" of raising the insanity defense and appellant did not wish to assert that defense. Appellant confirmed counsel's statements regarding his preference. On September 25, 2013, the court went on to conduct a *Frendak* hearing in which it made inquiries into appellant's understanding of the insanity defense and of the consequences of raising such a defense; whether appellant had previously raised the defense; and whether he wished to raise the defense at the time of the hearing in progress. Appellant stated that after consulting with counsel and conducting independent research, he understood the definition of the insanity defense. He informed the court that "the only pro [he saw] out of it would be, you wouldn't go to prison, that you'd possibly could be committed to an insane asylum" and "the con to it is . . . it voids you out on all other legal proceedings . . . you could have an extended stay in a mental institution . . . it has a lot of disabilities . . . all kind of disadvantages to it." When the court asked whether he wished to raise the defense, appellant stated that

(. . . continued)
consequences of failing to assert the insanity defense, and freely chooses to raise or waive the defense").

[2] The remand order also directed the trial court to vacate one of the two convictions of carrying a dangerous weapon ("CDW") and all except one of the nine convictions of unlawful possession of ammunition ("UA") because the convictions for those respective offenses merged. *Gorbey*, 54 A.3d at 705.

he would not have asserted the insanity defense at the time of trial, and did not wish to raise it during the *Frendak* hearing. Appellant affirmatively stated, "I wish to waive it." The court accepted appellant's waiver finding that appellant was competent to stand trial and had made "a voluntary and intelligent decision to forego an insanity defense."

On September 27, 2013, appellant filed his fourth § 23-110 motion, alleging that counsel on remand, Jenifer Wicks, had provided ineffective assistance of counsel by failing to file a motion to recall this court's mandate. On November 21, 2013, appellant filed his fifth § 23-110 motion, alleging ineffective assistance of counsel by Preston Burton, trial counsel, and Donald Dworsky, counsel at sentencing, for failing to investigate and challenge convictions set-forth in his pre-sentencing report ("PSR"); failing to argue that his sentences should run concurrently; and hiding photos that could have proven his innocence. On January 27, 2014, the trial court denied both motions without a hearing, finding that appellant had failed to show that Ms. Wicks was ineffective as counsel or that he was prejudiced by her actions; and that the claims concerning Mr. Burton and Mr. Dworsky were successive, and thus procedurally barred.

On January 30, 2014, appellant filed his sixth § 23-110 motion, which alleged ineffective assistance of counsel by Mr. Silver, his counsel for the *Frendak* hearing, in that he failed: to investigate the convictions noted in his PSR; to argue that his sentences should run concurrently; to instruct him "to pursue [the] *Frendak* inquiries"; to check the accuracy of "certified convictions"; to contest the government's sentencing memorandum; and to address appellant's phobias, which affected his ability to represent himself. Appellant also filed a pro se motion to withdraw his insanity defense waiver, arguing that he was capable of standing trial but was incapable of representing himself because of "phobias" he suffered.[3] The court denied the motion, finding that appellant had not "wavered [in] his wish to waive the [insanity] defense but had confused the *Frendak* inquiry with a *Faretta* inquiry,[4] which had been decided on direct appeal. The court also found that appellant failed to establish that Mr. Silver had provided ineffective assistance.

---

[3] Appellant's motion also requested the court to order physiological and psychiatric evaluations.

[4] *Faretta v. California*, 422 U.S. 806, 835 (1975) (the inquiry is whether the defendant "knowingly and intelligently" relinquished his right to counsel).

Appellant appeals the court's denial of his § 23-110 motions and the denial to withdraw his waiver of the insanity defense.

## II.

Appellant argues that the trial court abused its discretion by denying the "motion to withdraw his waiver on remand of the *Frendak* inquiry" and should have "revisited *Faretta* issues on remand." He argues that the court should have ordered an "evaluation" prior to the *Frendak* inquiry and that there was evidence before the court which was sufficient to call into question his ability to represent himself at trial. He also argues that the court failed to reduce his sentence on remand although there was evidence that the convictions noted in his PSR were incorrect.

"The *Frendak* inquiry seeks to ensure that a defendant knowingly and intelligently waives his right to assert an available insanity defense." *Phenis v. United States*, 909 A.2d 138, 155 (D.C. 2006) (citing *Frendak v. United States*, 408 A.2d 364, 379 (D.C. 1979). "[W]hen the evidence suggests a substantial question about the defendant's mental condition at the time of the crime, the trial court must make three separate determinations, in the following order: (1) whether the defendant is competent to stand trial; (2) if so, whether he or she, based on present mental capacity, can intelligently and voluntarily waive the insanity defense and has done so; (3) if not, whether the court should *sua sponte* impose the insanity defense based on evidence of the defendant's mental condition at the time of the alleged crime." *Patton v. United States*, 782 A.2d 305, 312 (D.C. 2001) (footnote omitted). "*Frendak* is concerned not only with appellant's sanity at the time of the crime, but also with appellant's capacity at the time of trial to recognize the availability of the defense and whatever advantages — as well as disadvantages — it may offer to defendant's case." *Phenis*, 909 A.2d at 155 (citing *Briggs v. United States*, 525 A.2d 583, 592 (D.C. 1987)).

We conclude that the court's denial of appellant's motion to withdraw his waiver of the insanity defense was not an abuse of discretion. In *Gorbey I*, we remanded the case for a *Frendak* hearing, held that certain convictions merged, and gave the court discretion to resentence defendant if it determined that it was appropriate to do so in light of information adduced on remand. *Gorbey*, 54 A.3d at 677-78. During the *Frendak* hearing, appellant stated that he and Mr. Silver had discussed the availability of the insanity defense and the pros and cons of raising such a defense. Appellant provided a detailed description of his understanding of the insanity defense and the possibility that he would be confined to St. Elizabeths

Hospital for a longer period of time then he could be held in prison. Appellant emphasized that he understood the insanity defense to mean that a person was "possibly guilty of the charges, but not guilty because of [their] mental capacity." Upon further inquiry, appellant assured the court that he would not have raised the defense during trial or at the time of the hearing. After such a thorough exchange, the court had ample grounds for finding, as it did, that appellant had intelligently and voluntarily waived the insanity defense. Thus, the court did not abuse its discretion by denying appellant's motion to withdraw the waiver. In addition, appellant's argument that the court should have ordered a psychological evaluation prior to the *Frendak* hearing is without merit because that action was not required, either by this court's order or by the circumstances before the court on remand. Furthermore, there is no need to address appellant's assertions, not based upon this court's remand order, that the court should have "revisited *Faretta* issues" on remand and reduced his sentence. *See Bean v. United States*, 606 A.2d 770, 771 (D.C. 1992) (trial judge should not exceed the authority conferred to him upon remand).

### III.

Appellant argues that the court abused its discretion by denying his fourth, fifth, and sixth § 23-110 motions, which were based on the alleged ineffective assistance of counsel. Appellant has not persuaded this court that there was a deficiency in his representation by any of his counsel, or that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (appellant must show that counsel's performance was deficient and prejudiced his defense). In addition, appellant's arguments concerning Mr. Dworsky and Mr. Burton were previously raised and decided by this court on direct appeal and a subsequent appeal.[5] *See Bradley v. United States*, 881 A.2d 640, 645 (D.C. 2005) ("A motion is successive if it raises claims identical to those raised and denied on the merits in a prior motion.") (internal quotation marks omitted).

Not on merits

### IV.

Finally, appellant challenges the court's denial of his third § 23-110 motion, in which he argued that he was prejudiced by having been "shackled" during trial and at sentencing, and also because the court conducted *voir dire* inside of the jury

---

[5] *Gorbey v. United States*, No. 11-CO-1724 (D.C. Dec. 21, 2012) (appeal was based on the denial of post-conviction relief).

room instead of an open court. Appellant failed to raise these arguments on direct appeal and has failed to show "both cause for his failure to do so and prejudice as a result." *Head v. United States*, 489 A.2d 450, 451 (D.C. 1985). Therefore, this claim is procedurally barred. *See Mitchell v. United States*, 101 A.3d 1004, 1009 (D.C. 2014) (a procedural bar exists where "appellant demonstrably knew or should have known of a potential collateral claim" but failed to raise it on direct appeal).[6] * Burton

*Affirmed.*

ENTERED BY DIRECTION OF THE COURT:

Julio A. Castillo

JULIO A. CASTILLO
Clerk of the Court

---

[6] We have reviewed the other arguments advanced by appellant regarding this § 23-110 motion, and find them unpersuasive.

FILED
SEP 17 2015
DISTRICT OF COLUMBIA
COURT OF APPEALS

# District of Columbia Court of Appeals

No. 14-CO-1211

MICHAEL S. GORBEY,

Appellant,

v. **2008 CF2 1552**

UNITED STATES,

Appellee.

BEFORE: Fisher and Thompson, Associate Judges, and Ruiz, Senior Judge.

## JUDGMENT

On consideration of appellee's motion for summary affirmance and entry of a barring order, the lodged opposition thereto, appellant's motion for appointment of an investigator, and appellant's motion to supplement the record with new evidence relating to his sentencing, and it appearing that appellant is challenging his sentencing in Appeal No. 15-CO-418, it is conspiring courts.

ORDERED *sua sponte* that appellant's lodged opposition to the motion for summary affirmance and for injunctive relief is hereby filed. It is

FURTHER ORDERED that appellee's motion for summary affirmance is granted. *See Watson v. United States*, 73 A.3d 130, 131 (D.C. 2013); *Oliver T. Carr Mgmt., Inc. v. Nat'l Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979). We find no error in the order on appeal denying appellant's seventh D.C. Code § 23-110 (2012 Repl.) motion as successive and procedurally barred. *See* D.C. Code § 23-110 (e) (2012 Repl.); *Bradley v. United States*, 881 A.2d 640, 645 (D.C. 2005) ("Where the original motion was denied on the merits, and affirmed by this court on appeal . . . all the claims [appellant] raised in his first motion, including ineffective assistance of counsel, cannot be raised again in a second (or third or fourth) motion."); *accord Doepel v. United States*, 510 A.2d 1044, 1045-46 (D.C. 1986) ("It is well-settled that where an appellate court has disposed of an issue on appeal, it will not be considered afresh on collateral attack in a trial court of the same judicial system, absent special circumstances."). Moreover, to the extent appellant raises a new claim, he failed to demonstrate cause for not asserting the

**No. 14-CO-1211**

claim in any of his six prior D.C. Code § 23-110 motions. *See Vaughn v. United States*, 600 A.2d 96 (D.C. 1991) (holding that "to the extent that any of [appellant's] post-conviction motions raised issues that could have been, but were not, raised on direct appeal," and in the absence of some showing of cause and prejudice, the trial court can reject a successive § 23-110 motion without a hearing). It is

FURTHER ORDERED that appellant's motion for appointment of an investigator is denied. It is

* FURTHER ORDERED that appellant's motion to supplement his brief with new evidence is denied as moot as it relates to a sentencing issue that is pending in a different appeal, No. 15-CO-418. It is yet 15-CO-418 was summary denied never addressing the issues

FURTHER ORDERED that the court will not accept for filing any future *pro se* appeals stemming from 2008-CF2-1552. *See Ibrahim v. District of Columbia*, 755 A.2d 392, 393 (D.C. 2000); *Corley v. United States*, 741 A.2d 1029, 1030 (D.C. 1999). It is

FURTHER ORDERED and ADJUDGED that the order on appeal is hereby affirmed.

ENTERED BY DIRECTION OF THE COURT:

Julio A. Castillo

JULIO A. CASTILLO
Clerk of the Court

Copies to:

Honorable Gregory Jackson

Director, Criminal Division
Clerk, Superior Court

Elizabeth Trosman, Esquire
Assistant United States Attorney

Michael S. Gorbey
Fed # 33405-013
FCI Talledega
P.O. Box 1000
Talladega, AL 35160

lejl

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
CRIMINAL INFORMATION

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

2015 APR 3 AM 11 51

FILED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Case No. 2008 CF2 1552 |
| | * | Judge Gregory E. Jackson |
| v. | * | Closed Case |
| | * | |
| | * | |
| MICHAEL S. GORBEY | * | |
| | * | |
| | * | |

## ORDER

This matter is before the Court on Defendant Michael S. Gorbey's: (1) Rule 36 Motion to Correct Clerical Mistakes within the Pre-Sentence Report; and (2) Rule 35 Motion to Correct Gorbey's Sentence. Upon consideration of the motions and the case record as a whole, the motions are denied.

The Defendant's repeated allegations of errors in the pre-sentence report have been addressed by the Court of Appeals, which has stated:

> Having declined to meet with the pre-sentence report writer, [Gorbey] is not entitled to complain about inaccuracies in the report with respect to his prior convictions or about the corresponding criminal history points that the writer calculated. In any event, from the materials in the record, we discern no basis for disturbing the trial court's determination that the PSR writer "satisf[actorily]" reported appellant's criminal history and point score.

Dr. Jail visiting Records prove this As A lie ↙

Gorbey v. United States, 54 A.3d 668, 707 (D.C. 2012). Notwithstanding the Court of Appeals ruling on this issue, this Court has previously given further consideration of defendant's allegations of errors in the pre-sentence report, notably in this Court's Order Denying Defendant's Sixth § 23-110 Motion; Order Denying Defendant's Fourth and Fifth § 23-110 Motion; and this Court's Order in response to Defendant's Motion to Reconsider. Then, as now,



Appendix (B)

the Court found that Gorbey was not entitled to further challenge the findings in his presentence report.

To the extent the Court of Appeals found errors in Defendant's sentencing, this Court addressed and corrected those errors on remand. Neither the Court of Appeals nor this Court has identified any additional basis for further consideration of Defendant's Rule 35 motion.

conspiring to deny Relief. ← Government omitted PSR wrong 2-6-14 & 7-22-16 the PSR is Error Repeated

Accordingly, for the reasons set forth above, it is hereby

**ORDERED**, that the Defendant's Omnibus Rule 36 Motion to Correct Clerical Mistakes within the Pre-Sentence Report and Rule 35 Motion to Correct Gorbey's Sentence is **DENIED.**

**SO ORDERED.**

4/3/15
April 3, 2015

Judge Gregory E. Jackson
Associate Judge
*Signed in Chambers*

Copies to:

AUSA Jennifer Kerkhoff
Homicide Section
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20530

Michael S. Gorbey
Fed. Reg. No. 33405-013
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635

FILED
OCT 13 2015
DISTRICT OF COLUMBIA
COURT OF APPEALS

# District of Columbia
# Court of Appeals

**No. 15-CO-418**

MICHAEL S. GORBEY,

Appellant,

**CF2-1552-08**

v.

UNITED STATES,

Appellee.

## ORDER

On consideration of appellee's motion for an extension of time within which to file the brief, to which no opposition has been filed, it is

ORDERED that the motion is granted and appellee's brief shall be filed on or before October 28, 2015.

FOR THE COURT
Julio A. Castillo
JULIO A. CASTILLO
CLERK OF THE COURT

Copies to:

Michael S. Gorbey
FCI Talladega FR#33405-013
P.M.B. 1000
Talladega, AL 35160

Elizabeth Trosman, Esquire
Assistant US Attorney
555 4th St NW
Washington, DC 20530

de

RE-MAILED
NOV - 2 2015
DISTRICT OF COLUMBIA
COURT OF APPEALS

FILED
MAR 30 2016
DISTRICT OF COLUMBIA
COURT OF APPEALS

# District of Columbia Court of Appeals

**No. 15-CO-418**

MICHAEL S. GORBEY,

Appellant,

v.

**2008 CF2 1552**

UNITED STATES,

Appellee.

BEFORE: Blackburne-Rigsby and Thompson, Associate Judges, and Steadman, Senior Judge.

## JUDGMENT

On consideration of appellee's motion for summary affirmance, the lodged opposition thereto, appellant's amended brief and appendix and the record on appeal, it is

ORDERED *sua sponte* that appellant's lodged opposition to the motion for summary affirmance is hereby filed. It is

FURTHER ORDERED that appellee's motion for summary affirmance is granted. *See Watson v. United States*, 73 A.3d 130, 131 (D.C. 2013); *Oliver T. Carr Mgmt., Inc. v. Nat'l Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979). We find no error in the order on appeal denying appellant's motion as the issues raised have previously been addressed and rejected by this court. *See Gorbey v. United States*, 54 A.3d 668, 707 (D.C. 2012); *Doepel v. United States*, 510 A.2d 1044, 1045-46 (D.C. 1986) ("It is well-settled that where an appellate court has disposed of an issue on appeal, it will not be considered afresh on collateral attack in a trial court of the same judicial system, absent special circumstances."). It is

**No. 15-CO-418**

FURTHER ORDERED and ADJUDGED that the order on appeal is hereby affirmed.

ENTERED BY DIRECTION OF THE COURT:

JULIO A. CASTILLO
Clerk of the Court

Copies to:

Honorable Gregory Jackson

Director, Criminal Division
Case Management

Elizabeth Trosman, Esquire
Assistant United States Attorney

Michael S. Gorbey
Fed # 33405-013
USP Leavenworth
US Penitentiary
P.O. Box 1000
Leavenworth, KS 66048

cml

# District of Columbia Court of Appeals

FILED
JAN 31 2017
DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 15-CO-418**

MICHAEL S. GORBEY,

Appellant,

v. **2008 CF2 1552**

UNITED STATES,

Appellee.

BEFORE: Blackburne-Rigsby and Thompson, Associate Judges, and Steadman, Senior Judge.

**O R D E R**

On consideration of appellant's motion to recall the mandate, it is

ORDERED that appellant's motion to recall the mandate is denied. *See Watson v. United States*, 536 A.2d 1056, 1060-61 (D.C. 1987) (en banc). The issues raised by appellant in this appeal were previously considered and rejected by the court. Consequently, no basis exists for the court to consider appellant's claims. *See Gorbey v. United States*, 54 A.3d 668, 707 (D.C. 2012); *Doepel v. United States*, 510 A.2d 1044, 1045-46 (D.C. 1986) ("It is well-settled that where an appellate court has disposed of an issue on appeal, it will not be considered afresh on collateral attack in a trial court of the same judicial system, absent special circumstances.").

PER CURIAM

Copies to:

Honorable Gregory Jackson

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

1100 East Main Street, Suite 501, Richmond, Virginia 23219
www.ca4.uscourts.gov

March 21, 2017

---

No. 17-174

---

In re: MICHAEL S. GORBEY, a/k/a Michael S. Owlfeather-Gorbey

Movant

---

DOCKETING NOTICE--2244 MOTION

---

This case has been placed on the court's docket under the above-referenced number, which should be used on papers subsequently filed in this court. If the court requires a response to the motion, it will direct the filing of a response within no more than **7 days**. See Local Rule 22(d).

Counsel filing on behalf of a party must file an **Appearance of Counsel** form. Court forms are available as links from this notice and at the court's web site, www.ca4.uscourts.gov.

Parties are responsible for ensuring that social security numbers, juvenile names, dates of birth, and financial account numbers are redacted from any documents filed with the court and that any sealed materials are filed in accordance with the enclosed **Memorandum on Sealed and Confidential Materials**. Attorneys are required to file electronically in the Fourth Circuit. Information on obtaining an electronic filer account is available at **www.ca4.uscourts.gov**.

Ashley B. Webb, Deputy Clerk
804-916-2704

# SEALED & CONFIDENTIAL MATERIALS

## Internet Availability of Docket & Documents

Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal.

Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

Documents filed by the parties in immigration and social security cases are not accessible over the Internet to the public. In immigration and social security cases, public Internet access is limited to the court's docket, orders, and opinions.

## Federal Rules of Procedure

The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037

## Judicial Conference Privacy Policy

In addition, the judiciary's regulation on Privacy Policy for Electronic Case Files prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements.

**Local Rule 25(c)**

Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents.

Documents that were not sealed before the agency or district court will not be sealed in this court unless a motion to seal is filed and granted in this court.

Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties in paper form.

**Sealed Volume of Appendix**

If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED APPENDIX** to file sealed electronic appendix volume(s). One sealed paper volume must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the sealed appendix must be filed, with additional copies being ordered by the court if otherwise needed. Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed appendix filed with the court.
- Use ECF event-**APPENDIX** to file public electronic appendix volumes(s). One public paper volume must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the appendix must be filed, with additional copies being ordered by the court if otherwise needed. Paper copies of public volumes of appendix do not need to be served on other parties if they were served with public appendix in electronic form.

**Sealed Version of Brief**

If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF** to file sealed electronic version of brief in which sealed material has been highlighted. One sealed paper copy must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of sealed brief must be filed, with additional copies being ordered by the court if otherwise needed. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of certificate of confidentiality must accompany the paper copy of the sealed brief filed with the court.
- Use ECF event-**BRIEF** to file public electronic version of brief from which sealed material has been redacted. One paper copy must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the brief must be filed, with additional copies being ordered by the court if otherwise needed. Paper copies of public brief do not need to be served on other parties.

**Sealed Version of Motions and Other Documents**

If sealed material needs to be referenced in a motion or other document, counsel must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. No paper copies need be filed, but other parties must be served in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted. No paper copies of public document are needed for filing or service.

**Motions to Seal**

Counsel should file a motion to seal if the material was not previously sealed by virtue of the Privacy Policy for Electronic Case Files, or by statute, rule, regulation, or order. Counsel should also file a motion to seal if it is necessary to seal the entire brief or motion and not possible to create a public, redacted version.

The motion to seal must appear on the public docket for five days; therefore, counsel must file both a **sealed, highlighted version** of the motion to seal (along with a certificate of confidentiality) and a **public, redacted version** of the motion to seal. The motion to seal must identify the document or portions thereof for which sealing is requested, the reasons why sealing is necessary, the reasons a less drastic alternative will not afford adequate protection, and the period of time for which sealing is required.

For further information on redacting information from filings, please see No. 19, How do I redact items from pleadings?

FILED: April 5, 2017

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-174**

In re: MICHAEL S. GORBEY, a/k/a Michael S. Owlfeather-Gorbey,

Movant.

O R D E R

Michael S. Gorbey, a District of Columbia prisoner, moves for authorization to file a second or successive 28 U.S.C. § 2254 (2012) motion. In the interest of justice, the matter is transferred to the United States Court of Appeals for the District of Columbia Circuit. *See* 28 U.S.C. § 1621 (2012).

Entered at the direction of the panel: Judge King, Judge Diaz, and Judge Harris.

For the Court

/s/ Patricia S. Connor, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
**OFFICE OF THE CLERK**

1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

Patricia S. Connor
Clerk

Telephone
804-916-2700

---

CLERK'S CERTIFICATE

---

No. 17-174, In re: Michael S. Gorbey

I, Patricia S. Connor, Clerk of the United States Court of Appeals for the Fourth Circuit, do certify that the electronic documents on the court's CM/ECF docket constitute the proceedings in the United States Court of Appeals for the Fourth Circuit, as the same remain among the records and files of this court.

/s/ Patricia S. Connor
Clerk of the United States Court
of Appeals for the Fourth Circuit

Date: 04/05/2017